MERRIMAN S. SMITH, JUDGE.
The circumstances surrounding the accident for which claim for damages are sought by claimant are that on the night of November 30, 1944, a snowplow and a truck owned and operated by the state road commission, going in opposite directions on the highway leading south from Union, stopped alongside each other, blocking the highway. The snowplow was headed towards Union and the cinder truck headed south in the opposite direction. John Peters, son of claimant, who was driving south from Union when approaching the two parked trucks, states that the headlights on the snowplow so blinded him that he did not see the truck alongside, headed in the same direction he was traveling, so that he ran into the rear of the parked truck damaging the Chevrolet automobile. It was a windy and snow-stormy night, and visibility was low.
The state lawmakers, realizing that the driving of a 50 to 100 H. P. automobile on the highway makes it a dangerous instrumentality provided that the operator of such a machine must have same under control at all times. The fact that the state snowplow headlights were burning brightly, and especially since weather conditions rendered visibility low, was not negligence; on the contrary if the headlights had not been burning there would have been negligence. The evidence submitted regarding the burning of the taillights on the parked cinder truck is contradictory; however, if they were burning as they should have been, it is doubtful if they could have been seen by Peters, the driver of the approaching Chevrolet, since the bright headlights from the snowplow would have *150 obliterated them from his view, and since he was blinded by the glare of the headlights.
This accident could have been avoided if Peters had had his car under control, as provided by law, and if he had exercised care and judgment when his vision was blinded. He should have stopped and not rushed headlong into danger. This is a befitting example where the popular slogan “Lose a second and possibly save a life" would have been especially appropriate.
From the evidence submitted and- the physical facts and conditions, there is no question but that John Peters heedlessly contrbiuted to the accident, and if he had exercised due care and judgment he could have averted same. Consequently an award is denied.